IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                        CV 16-384 RB/WPL
                                                              CR 04-2524 RB

EVERETT CHARLES BRAKEMAN,

        Defendant/Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Everett Charles Brakeman was granted leave to file (CV Doc. 3) and did file a second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc 165).[1] Brakeman challenges the validity of his sentence on the basis that he was unconstitutionally sentenced under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B), which was found to be unconstitutionally vague in *Johnson v. United States*, --- U.S. ---, ---, 135 S. Ct. 2551, 2563 (2015). At the time of sentencing, the Court found that Brakeman had five prior burglary offenses, at least three of which qualified as predicate offenses for sentencing enhancement and rendering him a career criminal subject to additional penalties.

Pursuant to *Mathis v. United States*, --- U.S. ---, ---, 136 S. Ct. 2243, 2256 (2016), the Court must reconsider the underlying convictions to determine whether they qualify as predicate offenses under the ACCA. The United States concedes that at least three of Brakeman's prior burglary convictions no longer qualify. As to Brakeman's conviction in Texas, Texas Penal Code

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-384 RB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 04-2524 RB. Documents filed in both cases are cited by reference to the corresponding document in the civil case.

§ 30.02 is not divisible and is broader than generic burglary, *Martinez v. Texas*, 269 S.W.3d 777, 783 (Tex. Ct. App. 2008) (holding that § 30.02(a)(1) and § 30.02(a)(3) are "alternative means of proving a single mens rea element and not separate offenses"), and therefore cannot be used an ACCA predicate offense, *Mathis*, 136 S. Ct. at 2257. Additionally, Brakeman's 1969 and 1974 convictions for burglary under New Mexico law can no longer be used as ACCA predicate offenses because the then-operative burglary statute, N.M.S.A. § 40A-16-3 (1953), was broader than generic burglary. Even if the statute was divisible post-*Mathis*, the United States has been unable to locate documents establishing which part of the statute Brakeman violated, rendering the United States unable to establish these convictions as ACCA predicates. (Doc. 13 at 4.)

Accordingly, Brakeman no longer has three predicate felonies to form the basis for an ACCA finding. The parties agree that Brakeman should be resentenced. (Doc. 1 at 10; Doc. 13 at at 5-6.) I recommend that the Court grant Brakeman's motion under 28 U.S.C. § 2255, vacate his sentence, order an updated presentence report, and set this case for resentencing as soon as possible.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.